## Sanders et al. v. Eddings.

(Decided December 20, 1929.)

W. A. BERRY and P. H. SAVAGE for appellant.

J. E. WARREN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellant is asking for relief denied him by the trial court. On April 18, 1923, the appellee, J. S. Eddings, was employed as a carpenter by the appellant L. D. Sanders, who was operating under the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), and was insured by appellant in the Ocean Guarantee & Accident Company, Limited, and while so engaged, and in the course of his employment, received an injury which totally destroyed the vision of his left eye. Thereafter, and within the time prescribed by the act, and being unable to agree with his employer and the insurance carrier, he filed his application with the workmen's compensation board for an adjustment of the compensation due him, and the board on November 16, 1925, entered an award by which it was found that previous to the last accident, Mr. Eddings had in some way practically lost the vision in his right eye, and that, as a result of the last accident, he was industrially blind and totally permanently disabled and fixing his compensation at $15 per week for 400 weeks or a total of $6,000, less $1,200, on account of his right eye having been previously injured.

This award remained in force, and payments were regularly made under it until January 12, 1927, at which time the defendants in the award made application to the board to reopen the case, basing the application upon an alleged change in condition since the entry of the original award, in that the plaintiff therein had accepted employment from the Arcadia school board as janitor about September 1, 1926, and from which he was receiving a salary of $75 per month. Upon this application the board on March 1, 1927, reopened the case and set it down for another hearing, and which hearing was conducted by a member of the board at Paducah, Ky., in June, 1927, who thereafter on February 7, 1928, entered another order reinstating the original award. From that decision rendered by one of the members of the board, the defendants filed a motion for review by the full board, and which was granted, and on May 1, 1928, the full board sustained the decision made by the single member and concurred in the order reinstating the original award.

Thereafter said defendants filed in the McCracken Circuit Court their petition for review, and, upon trial in that court, judgment was duly rendered confirming the award of the workmen's compensation board, and, from that order of the McCracken circuit court this appeal is prosecuted.

The only question before this court on this appeal is the propriety of the order entered on February 7, 1928, and concurred in by the full board on May 1, 1928; in other words, the question is whether the record made on the second trial by the board is proper, and this court will not review the action of the board in making the original award because no petition for review was filed as to that within the time prescribed by the provisions of the Workmen's Compensation Law (Ky. Stats., sec. 4935).

The finding of facts made by the board, after the case was reopened and the evidence heard, is: "The evidence shows that Eddings has three children between the ages of 11 and 16 years and that at the suggestion of a friend he sought the position of janitor of a public school near his home and was given the position with the understanding that his children may aid him in the performance of his duties. The evidence shows that these children did considerably aid him; but there is medical testimony that shows that the condition of his eyes has not improved, but on the contrary is in a worse state than when the Board made its award."

The appellant does not question the correctness of this, but argues that, since it is shown the man now receives $75 per month, it is conclusively shown he is not permanently disabled. Since there was evidence to sustain the action of the board, we are without power to review it.

The judgment is affirmed.